## Chalfant, Appellant, *v.* Rocks.

*Contract—Executed contract—License—Absence of words of inheritance—Deed.*

L., an owner of coal, entered into an agreement in writing with C., as follows: "L. doth bargain and sell unto the aforesaid C. all that certain tract or parcel of coal containing three acres for the sum of three hundred dollars, situated, etc., . . . . The aforesaid C. is not to sell any coal only what he hauls himself or have hauled; also cannot sell the said three acres of coal to any person or persons, but L. his heirs and assigns." *Held,* that the agreement was an executed assignment or conveyance of a license to take coal without words of inheritance, and that the right conveyed or assigned expired with the life of C.

Argued May 9, 1905. Appeal, No. 21, Jan. T., 1905, by plaintiffs, from judgment of C. P. Fayette Co., Dec. T., 1903, No. 44, for defendants non obstante veredicto in case of Jemima A. Chalfant et al. v. Francis Rocks, William F. Soisson and Rocks Coal & Coke Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Ejectment for three acres of coal in Redstone township. Before UMBEL, J.

At the trial it appeared that the defendants claimed title through one James A. Lynn who died in 1883. Plaintiffs claimed title under the following agreement in writing:

"An article of agreement made and entered into this the 15th day of August 1877 Between James M. Linn of Redstone township of the first part and Fletcher F. Chalfant of the second part of Jefferson township all of Fayette county and State of Pennsylvania

"Witnesseth That the aforesaid Jas. M. Linn doth bargain and sell unto the aforesaid Fletcher F. Chalfant all that certain tract or parcel of coal containing three acres for the sum

of three hundred dollars situated south of the brick house where John Hartsock now lives Beginning at a Red oak tree at the mouth of the new entry Running thence to Baileys line on the top of the hill thence by Baileys line to a point south the old opening thence by old opening around the point to place of Beginning To make three acres of coal Excepting what has been taken out, the aforesaid, Jas. M. Linn Reserves the use of the new entry.

" The said F. F. Chalfant is to not sell any coal only what he hauls himself or have hauled also cannot sell the said three acres of coal to any person or persons But Jas. M. Linn his heirs or assigns the said F. F. Chalfant has the privilege of erecting a coal scaffold Between the old Bank and the point opposite Brick house But has no other privilege of surface Said F. Chalfant has the privilege dumping the debris over the Road : In testimony whereof the parties have hereunto set their hands and seals."

F. C. Chalfant died on April 21, 1902. At the trial there was a verdict for plaintiff subject to the question of law reserved, whether the article of agreement between Linn and Chalfant was executory or executed.

The court subsequently entered judgment for defendants non obstante veredicto.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

*W. J. Sturgis*, with him *George D. Howell*, for appellant.— The rule requiring the word " heirs " to convey land in fee, is purely technical, and the reasons which supported the rule no longer exist: Defraunce v. Brooks, 8 W. & S. 67.

The fact that the contract contemplated that Chalfant would mine out and totally destroy the corpus of the thing contracted about, is of itself a circumstance, sufficient to settle the construction to be given this informal instrument: Kenrick v. Smick, 7 W. & S. 41.

The parties intended their contract to be what they called it, an " article of agreement," and not an executed deed: Sheaffer v. Sheaffer, 37 Pa. 525 ; Stewart v. Lang, 37 Pa. 201.

*A. C. Hagan*, with him *J. C. Work*, for appellees, cited : Gray v. Packer, 4 W. & S. 17; Bortz v. Bortz, 48 Pa. 382; Cook v. Trimble, 9 Watts, 15; Hepburn v. Snyder, 3 Pa. 72.

PER CURIAM, June 22, 1905 :

The agreement upon which the plaintiffs' title is founded cannot reasonably be construed as more than a personal license. Though called by the parties a sale the vendee is " not to sell any coal only what he hauls himself or have hauled," and he is also restricted from selling the " said three acres of coal to any person or persons but Jas. M. Linn (the vendor) his heirs or assigns." The words of the grant are in presenti, the description of the land complete, and the receipt is of the consideration money in full. There is no indication of any further instrument being in contemplation, and the restrictions in this one are incompatible with a conveyance in fee, but entirely in harmony with a personal license.

But even if considered as a conveyance there are no words of inheritance and on the death of the grantee nothing passed to his heirs.

Judgment affirmed.